# Commonwealth v. Fencez, Appellant.

*Criminal law—Murder—Trial—Continuance—Discretion of court.*

1. The appellate court will not review the discretion of the trial court in refusing to continue the trial of a murder case in order that counsel, who ten days before had been assigned to the defense, might have further opportunity to acquaint themselves with the case.

*Criminal law—Murder—Charge of court—Mistake in stating testimony—Harmless error.*

2. The appellate court will not reverse a judgment on a verdict of guilty in a murder trial because the trial judge made a manifest mistake in attributing to a witness a remark which did not appear from the testimony, where the remark itself was so foreign to the issue being tried, and so wholly irrelevant in the connection in which it occurred that it could have worked no prejudice to the prisoner, and counsel for the prisoner made no objection at the time.

*Criminal law—Murder—Evidence—Exclusion of evidence.*

3. The appellate court will not reverse a judgment on a verdict of guilty in a murder case because of the exclusion of certain questions asked of a witness for the commonwealth upon cross-examination, where the purpose of the questions manifestly was to develop the defendant's own case, and related to nothing that the witness had testified to in chief. The circumstance that the witness in question was not in attendance when afterwards called to testify for the defense, does not affect in any way the correctness of the court's ruling, although it may have been unfortunate for the prisoner.

*Criminal law—Murder—Evidence—Mental condition of prisoner.*

4. On the trial of an indictment for murder a policeman on duty in a hospital where the prisoner had been confined for several weeks after the tragedy, may be allowed to testify against objection, that he observed nothing in the prisoner's conduct during that period that indicated unsoundness of mind.

Argued Oct. 4, 1909.  Appeal, No. 289, Jan. T., 1909, by defendant, from judgment of O. & T. Lackawanna Co., April T., 1909, No. 19, on verdict of guilty in case of Commonwealth v. Shendore Fencez.  Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Indictment for murder.  Before HEYDT, P. J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

Verdict of guilty of murder of the first degree, upon which judgment of sentence was passed.

*Errors assigned* (1–10) sufficiently appear by the judgment of the Supreme Court.

*Geo. M. Watson,* with him *James McKinney,* for appellant.

*Joseph O'Brien,* district attorney, for appellee.

OPINION BY MR. JUSTICE STEWART, January 3, 1910:

The appellant stands convicted of the crime of murder in the first degree.  The only defense attempted on the trial was intoxication and general mental unsoundness; and these only by way of mitigation or reduction of degree of guilt; for it was not pretended that appellant was so mentally disturbed or enfeebled as to be irresponsible for his conduct.  Depending upon its acceptance by the jury, the evidence of the commonwealth established every element necessary to convict of the highest degree.  On the morning of December 31, 1908, the defendant, a single man, went to the home of Steve Horvath with murderous intent which he had a few moments before expressed to another, and there finding Horvath's wife alone with her small children, pursued her from the house out upon the street with a revolver in his hands.  He there shot her in the back of the head while she was running from him; and approaching her as she lay upon the ground he again shot her in the head.  In a very short time the life of his victim was extinct.  The defendant a few moments after the tragedy, hav-

ing found his way into an alley nearby, there attempted his own life ineffectually by shooting himself. While the commonwealth was not bound to supply a motive for the crime, the evidence it adduced pointed unmistakably to a feeling of jealousy in defendant's mind, because of relations which he believed existed between the woman who was his victim and another not her husband. The evidence further indicated, clearly enough for safe inference, his own personal concern with respect to these relations, if they existed. It is unnecessary to recite further the facts of the occurrence. Except as error can be established in the trial of the case the verdict must remain undisturbed. We have ten assignments to consider. None of them call for extended comment. The first complains that prejudice was done the defendant by the court's refusal to continue the case in order that counsel, who ten days before had been assigned to the defense, might have further opportunity to acquaint themselves with the case. This assignment may be dismissed with the single remark that the continuance of a case is a matter resting in the discretion of the trial judge; that the discretion in this instance was not arbitrarily exercised, but, as we think, with due consideration of defendant's rights. Five of the assignments complain of inaccuracy of statement by the trial judge, in his general charge to the jury, when referring to the testimony. We have carefully gone over the testimony, with the result that but a single departure from the exact language used by each witness has been discovered; and there, while a manifest mistake was made in attributing to a witness a remark which does not appear in the testimony the remark itself was so foreign to the issue being tried, and so wholly irrelevant in the connection in which it occurred, that it could have worked no prejudice to the defendant. It was a mistake that would have been corrected at the time had the attention of the judge been called to it. This was not done, doubtless for the reason that the counsel then thought as we do now, that the mistake was harmless. These assignments are overruled. The exclusion of certain questions asked of a witness for the commonwealth upon cross-examination is a subject of another assignment.

The purpose of the questions manifestly was to develop the defendant's own case, and related to nothing that the witness had testified to in chief. The circumstance that the witness was not in attendance when afterwards called to testify for the defense, may have been unfortunate for the defendant, but does not affect in any way the correctness of the court's ruling.

A hypothetical case predicated on such facts as had been testified to with respect to the conduct of defendant immediately before and immediately after the commission of the crime, was submitted to Dr. Longstreet, an alienist, who was asked to express an opinion with respect to the sanity of a person so behaving. The question was objected to not because it was directed to a hypothetical case, but solely on the ground that it was predicated in part upon a fact not testified to, namely, that a threat to shoot somebody had been made by the party in a saloon. The testimony was that the threat had been made elsewhere than in a saloon, and the question being amended to accord with the testimony, was allowed. The amendment removed the only objection made to the question.

John Kelly, another witness for the commonwealth, was called to testify to the defendant's mental condition immediately following the occurrence. He was a policeman on duty in the hospital where defendant was confined for several weeks after the tragedy. He was allowed to testify against objection that he observed nothing in defendant's conduct during this period that indicated unsoundness of mind. The testimony was competent; its value depended on the witness' intelligence and his opportunities for observing. These were for the jury to appraise. The last assignment charges error in refusing a new trial on the ground of after-discovered evidence. This calls for no consideration.

The defendant had a fair trial. Not a single exception is taken to the court's instructions as to the law, whether in the general charge or in answer to points. The one issue in the case was whether the defendant at the time he killed his victim was capable of forming in his mind a specific intent to take life. The widest latitude was allowed the defendant to show

any and all circumstances from which an inference on this point favorable to himself could be drawn. The jury found against him, and no sufficient reason has been shown for interference with the result they reached. The judgment is affirmed, and the record is remitted for purpose of execution according to law.