Commonwealth *v.* Ransom, Appellant.

Submitted September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

94

*Arthur R. Shuman, Jr.*, and *Shuman and Lawler*, for appellant.

*Stephen Levin, Mark Sendrow*, and *Steven H. Goldblatt*, Assistant District Attorneys, *Abraham J. Gafni*, Deputy District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., April 22, 1976:

On March 7, 1974, the prosecutrix, Miss Adrian Watson, was assaulted and struck in the face by her boyfriend, appellant Jerome (Carlton) Ransom, while walking at 13th and Samson in Philadelphia. Appellant was charged with corrupting the morals of a minor and with simple assault, was tried on December 12, 1974 before a judge sitting without a jury, and was found guilty of simple assault. Appellant was sentenced on March 7, 1975 to two years of non-reporting probation, and brought this direct appeal to our Court raising three issues.

Pennsylvania Rule of Criminal Procedure 1101 states: "In all cases, the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury .... The waiver shall be in writing, made a part of the record and shall be in the following form...." Appellant in the case before us orally waived his right to a jury trial, but now argues that he should be awarded a new trial since he never executed a *written* waiver of this right. A white slip of

paper, attached to the record, clearly labeled "Waiver of Jury Trial," signed by "Carlton J. Ransom," by appellant's trial counsel, and by the lower court judge, establishes that appellant's memory is fallible on this point. Rule 1101 has been complied with in this case, and appellant has effectively waived his right to a jury trial.

Appellant's second argument is that the trial court erred in permitting a witness, the victim's mother, to testify on direct examination regarding certain statements made by the prosecutrix to that witness.

"Q. Ma'am, did you see your daughter on the date she was struck by the defendant?

"A. Yes, I did.

"Q. Will you describe to the Court what she looked like at that time?

"A. Well, I worked on South 13th Street, right below Walnut; and she came running into the place of business. Her face was swollen. She had a black eye. Her nose was bleeding, and her mouth was cut. She was saying 'He hit me. He hit me'."

Appellant's counsel promptly objected, but was overruled by the trial judge, who stated, "She didn't identify anybody." The witness then went on to say:

"A. No. I had a customer at this particular point. I told her to go in the ladies' room and wash her face. When I got finished, I went back and asked her what happened. She said that her boyfriend knocked her around in the street."

No objection was made by appellant's attorney to this second statement, and we find that appellant is consequently precluded from raising the issue on appeal. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). We further find that the statements first made by the victim to her mother upon entering her mother's place of employment were excited utterances properly admitted into evidence under the *res gestae* exception to the hearsay rule. The victim's statements were not merely a narrative of past events, but rather seemed to

be spontaneous declarations emanating from the assault, made before the emotional shock and spontaneity had dissipated. *Commonwealth v. Edwards*, 431 Pa. 44, 244 A.2d 683 (1968); *Commonwealth v. Dessus*, 214 Pa. Superior Ct. 347, 257 A.2d 867 (1969). The trial court properly admitted the mother's testimony on this point.

Appellant's final argument is that the trial court erred in limiting the cross-examination of the victim's mother. In attempting to demonstrate that this witness was biased against appellant, appellant's attorney, without preamble, asked the following question: "Mrs. Tucker, when did you find out that your daughter was having sexual relations with the defendant?" This question was objected to by the prosecuting attorney, and the objection was sustained by the trial judge. Although cross-examination on matters not covered on direct examination may be allowed to show bias on the part of a witness, *Commonwealth v. Cheatham*, 429 Pa. 198, 239 A.2d 293 (1968), the scope of such cross-examination is largely within the discretion of the trial judge, and an abuse of this discretion is not ground for reversal unless it results in an apparent injury. *Commonwealth v. Smith*, 198 Pa. Superior Ct. 499, 182 A.2d 104 (1962). The victim testified before her mother and had admitted having sexual relations with appellant. The witnesses were not segregated so that the mother knew of these intimate relations. The time of her learning of them was immaterial. The testimony of the mother was merely cumulative as to the injuries sustained by her daughter from the assault. Testimony of the victim was quite sufficient of itself to convict appellant of the crime of simple assault. We see no abuse of discretion in this ruling of the trial judge; however, even were we to find that the lower court abused its discretion, we are unable to find any prejudice to appellant.

Judgment affirmed.

HOFFMAN and SPAETH, JJ., concur in the result.