J-A23045-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| IN RE: APPEAL OF DISAPPROVAL OF PRIVATE CRIMINAL COMPLAINT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: JOHN YOCOLANO | No. 230 WDA 2018 |

Appeal from the Order Entered January 16, 2018
In the Court of Common Pleas of Washington County
Criminal Division at No.: CP-63-MD-0000040-2018

BEFORE:  BOWES, SHOGAN, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    FILED DECEMBER 31, 2018

Appellant John Yocolano appeals from the January 16, 2018 order of the Court of Common Pleas of Washington County ("trial court"), which denied his petition for review of the disapproval of his private criminal complaint by the Washington County District Attorney's Office ("DA").  Upon review, we affirm.

The facts and procedural history of this case are undisputed.[1]  Based on accusations made by Appellant's ex-finance ("A.A."), Appellant was charged with three counts of indecent assault, two counts of sexual assault, and one count each of rape, kidnapping, involuntary deviate sexual intercourse, aggravated assault, simple assault, unlawful restraint, terroristic threats, and

_____

[1] Unless otherwise specified, these facts come from August 14, 2017 opinion issued by a prior panel of this Court.  See Commonwealth v. Yocolano, 169 A.3d 47 (Pa. Super. 2017).

false imprisonment. A jury eventually found Appellant guilty of all charged crimes. Appellant appealed to this Court. We vacated Appellant's judgment of sentence and remanded the matter to the trial court for a new trial.

On October 11, 2016, Appellant filed a private criminal complaint against A.A., accusing her of committing perjury under Section 4902 of the Crimes Code, 18 Pa.C.S.A. § 4902, at his December 19, 2012 preliminary hearing. Specifically, Appellant alleged that, at the preliminary hearing, A.A. offered false testimony when she claimed that "the Monongahela Police took photographs of her injuries following her alleged rape and that Assistant District Attorney [("ADA")] Kristin Clingerman took photographs of [A.A.'s] bruises prior to the preliminary hearing of December 19, 2012." Private Criminal Complaint, 10/11/16, at ¶ 2. In the questionnaire accompanying the private criminal complaint, Appellant stated, "A.A. testified the Monongahela Police and ADA Kristin Clingerman took photographs of [A.A.'s] injuries [sustained] during her alleged rape. This testimony was completely false." Private Criminal Complaint Questionnaire, 10/11/16, at ¶ 4.

On January 31, 2017, the DA disapproved the private criminal complaint stating "have police file charges." Pursuant to Pa.R.Crim.P. 506(B)(2), Appellant filed a petition for review of the DA's disapproval of the private criminal complaint in the trial court. In the petition, Appellant alleged that he was charged with, inter alia, rape, kidnapping and unlawful restraint following A.A's testimony at the December 19, 2012 preliminary hearing indicating that the Monongahela Police Department and the DA's office photographed her

injuries.[2]  Petition for Review, 1/10/18, at ¶ 5.  Appellant alleged that A.A.'s testimony at the preliminary hearing "was an attempt to bolster her allegations against [him]."  Id. at ¶ 6.  Referencing a letter issued by the Monongahela City Police Department[3] and the testimony of ADA Clingerman,[4] Appellant averred that, contrary to A.A.'s preliminary hearing testimony, neither the police department nor the DA's office took any photographs of her injuries.  Id. at ¶ 8.  As a result, Appellant requested that the trial court "reverse the [DA's] disapproval of the private criminal complaint filed in this

_____

[2] At the December 19, 2012 preliminary hearing, A.A testified on cross-examination:

> Q. Did anybody, to your knowledge, take pictures of these bruises?
>
> A. Yes, sir.
>
> Q. Who took pictures?
>
> A. The police officer and the nurses at the hospital.
>
> Q. Did anybody else take pictures of these bruises other than the police and the nurses at the hospital?
>
> A. The DA took pictures, when I came here, of the bruising on my legs.
>
> Q. Okay.  When did you come to the DA to get those pictures taken?
>
> A. Last Wednesday.

N.T. Preliminary Hearing, 12/19/12, at 19-20.

[3] The letter issued by Brian J. Tempest, Chief of Police, City of Monongahela Police Department, stated that "no photographs were taken of [A.A.] at the Monongahela Police Station [on December 6, 2012]."  Letter, 6/6/16.

[4] On July 7, 2016, in connection with a termination of parental rights proceeding, ADA Clingerman testified that "the police never took any photographs" of A.A.  N.T. Termination Hearing, 7/7/16, at 4-5.  ADA Clingerman further testified that "[p]hotographs were taken by the hospital when [A.A.] was taken there[.]"  Id. at 5.

matter, and [] order/direct that [A.A.] be charged with two counts of perjury." Id. at 3.

Given the confusion around the phrase "have police file charges," the trial court conducted an evidentiary hearing on January 5, 2018 to ascertain the precise reason why Appellant's private criminal complaint was denied. The DA called former ADA Adam Yarussi who had reviewed and disapproved Appellant's private criminal complaint. Reproduced Record (R.R.) at 138. ADA Yarussi testified that when he disapproved Appellant's private criminal complaint, he wrote "have police file charges." Id. at 139. He testified that upon his review of the record, he concluded that there was insufficient evidence to support a perjury charge and he directed Appellant to have the police either review or file charges. Id. On cross-examination, ADA Yarussi acknowledged the problem with the phrase "have police file charges" and reiterated his reason for disapproving the private criminal complaint, i.e., insufficiency of the evidence. Id. at 142.

On January 16, 2018, the trial court denied Appellant's petition for review, concluding that the pictures of the injuries were immaterial to the underlying crimes. Appellant timely appealed to this Court.

On appeal, Appellant raises five issues for our review.

[I.] Did the trial judge commit an error of law by denying Appellant's petition for review which sought reversal of the denial of his private criminal complaint for perjury?

[II.] Did the trial court judge commit an error of law by ruling that the alleged victim's false testimony was not material to the unlawful restraint charge?

[III.] Did the trial judge commit an error of law by mischaracterizing the issue of whether the testimony in question was material to the "offense of perjury", rather than material to the subject offense, unlawful restraint?

[IV.] Did the trial judge commit an error of law by concluding that the private criminal complaint was disapproved in the first instance when the fair and reasonable interpretation was that it was actually approved, not disapproved?

[V.] Did the lower court err by holding that the false testimony was not perjury because of the "low bar" required at a preliminary hearing?

Appellant's Brief at 6 (unnecessary capitalizations and emphasis omitted). For ease of disposition, we combine Appellant's first two issues.

Our standard of review is limited to the trial court's review of the DA's decision.

> When the district attorney disapproves a private criminal complaint solely on the basis of legal conclusions, the trial court undertakes de novo review of the matter. Thereafter, the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is de novo and the appellate scope of review is plenary.

In re Miles, 170 A.3d 530, 534 (Pa. Super. 2017) (citations and brackets omitted). Rule 506 of the Pennsylvania Rules of Criminal Procedure applies to the review of a private criminal complaints and provides:

> (A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

> (B) If the attorney for the Commonwealth:

> (1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

(2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506. Again, if the district attorney disapproves a private criminal complaint, the complainant may petition to the court of common pleas for a Rule 506 review. Miles, 170 A.3d at 536 (citation omitted).

The trial court must first correctly identify the nature of the district attorney's reason(s) for denying a private criminal complaint.

. . . .

Under Rule 506 and settled case law, the private criminal complainant has no right to an evidentiary hearing in connection with the trial court's review of the district attorney's decision to disapprove the private criminal complaint. Rule 506 merely allows the private criminal complainant the opportunity to have his complaint reviewed in the Court of Common Pleas, following the district attorney's adverse decision.

In re Ullman, 995 A.2d 1207, 1214 (Pa. Super. 2010) (citation omitted) (emphasis added), appeal denied, 20 A.3d 489 (Pa. 2011).

As we explained in Miles:

A private criminal complaint must at the outset set forth a prima facie case of criminal conduct. Nevertheless, even a well-crafted private criminal complaint cannot be the end of the inquiry for the prosecutor. The district attorney must investigate the allegations of the complaint to permit a proper decision on whether to approve or disapprove the complaint. Such investigation is not necessary where the allegations of criminal conduct in the complaint are unsupported by factual averments. Both the district attorney and the trial court have a responsibility to prevent the misuse of judicial and prosecutorial resources in the pursuit of pointless prosecutions.

Moreover, even if the facts recited in the complaint make out a prima facie case, the district attorney cannot blindly bring

charges, particularly where an investigation may cause him to question their validity. Forcing the prosecutor to bring charges in every instance where a complaint sets out a prima facie case would compel the district attorney to bring cases he suspects, or has concluded via investigation, are meritless. The public prosecutor is duty bound to bring only those cases that are appropriate for prosecution. This duty continues throughout a criminal proceeding and obligates the district attorney to withdraw charges when he concludes, after investigation, that the prosecution lacks a legal basis.

. . . .

When the district attorney disapproves a private criminal complaint, based on the sufficiency of the facts necessary to establish the elements of the crime charged, that decision is a legal conclusion subject to de novo review.

Id. at 535 (internal quotations marks, citations, and brackets omitted).

Instantly, the parties do not dispute that the DA's disapproval of Appellant's private criminal complaint was premised upon legal conclusions. Thus, we conduct a de novo review.

Section 4902, relating to perjury, provides in part:

(a) Offense defined.--A person is guilty of perjury, a felony of the third degree, if in any official proceeding he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and he does not believe it to be true.

(b) Materiality.--Falsification is material, regardless of the admissibility of the statement under rules of evidence, if it could have affected the course or outcome of the proceeding. It is no defense that the declarant mistakenly believed the falsification to be immaterial. Whether a falsification is material in a given factual situation is a question of law.

18 Pa.C.S.A. § 4902(a) and (b). The comment to Section 4902 explains that "the essential elements of [perjury] are (1) oath or affirmation; (2) materiality

of the lie; and (3) requirement that the lie be told in an official proceeding involving a hearing." Id. cmt.; Commonwealth v. King, 939 A.2d 877, 880 (Pa. 2007) (stating that "to constitute the offense of perjury, there must be a false statement, i.e., a representation, which could have affected the course or outcome of the proceeding."). The comment further explains:

> Under existing law testimony is material where it tends to directly prove or disprove one side or the other in the main issue or where, under established rules of evidence, it indirectly tends to do so by crediting or discrediting other evidence or the testimony of another witness. The definition of "materiality" does not substantially differ from that of existing law.

Id. cmt. A material statement under Section 4902 is one which has the potential to influence a fact-finder. Whether it actually does influence the fact-finder is of no moment. Commonwealth v. Label, 440 A.2d 602, 606 (Pa. Super. 1982).

With the foregoing in mind, we now turn to Appellant's argument that the trial court erred in denying his petition for review of the DA's disapproval of his private criminal complaint based on its conclusion that A.A.'s false statement regarding the photographs was immaterial.

Instantly, in denying Appellant's petition for review, the trial court reasoned:

> After reviewing all of the documents submitted by [Appellant] that are attached to his [p]etition, [the trial court] finds the following facts relevant. [A.A.] testified under oath at [Appellant's] preliminary hearing that hospital staff, as well as the Monongahela police, took pictures of her bruised body after [Appellant] allegedly raped her. Kristin Clingerman, the Assistant District Attorney who prosecuted [Appellant], however, testified

- 8 -

at an [o]rphans' [c]ourt proceeding on July 7, 2016 that the police never took pictures of [A.A.'s] bruises. T.T.P.R. of July 7, 2016, p.5, LL. 5-6; see also Monongahela Police Department Letter dated June 6, 2016. In addition, [A.A.] testified that the [DA] took pictures of the bruises on her legs. [A.A.] stated: "The DA took pictures, when I came here, of the bruising on my legs[,] and they were taken "[l]ast Wednesday." P.H.T. of December 19, 2012, p.20, LL. 1-5. Although there was nothing in the materials attached to the [p]etition indicating that this was a false statement, [ADA] Yarussi acknowledged that the only pictures taken of [A.A.'s] bruising were by hospital staff.

        . . . .

        Th[e trial court] concludes that [A.A.] did not commit perjury as a matter of law because her false statements at [Appellant's] preliminary hearing were not "material" to the outcome of the preliminary hearing. [A.A.'s] wrongful testimony of who took photographs of her bruises is not material to the determination of whether to charge [Appellant] with rape or any other sexual crime. Th[e trial court] agrees with [ADA] Yarussi's assessment that who took pictures or how many pictures were taken is not material, rather that photographs of the alleged injuries do exist. But, th[e trial court's] reasoning goes beyond [ADA] Yarussi's assessment.

        At a preliminary hearing, the MDJ must determine from the evidence presented whether the Commonwealth has established a prima facie case that: (1) an offense has been committed, and (2) the defendant has committed such offense. Pa.R.Crim.P. 542(D). Prima facie proof at a preliminary hearing is a "low burden of proof." Commonwealth v. Ricker, 120 A.3d 349, 360 n.5 (Pa. Super. 2015). A prima facie case is established when the evidence introduced, if accepted as true, would warrant a trial judge to allow the case to go to a jury. See Commonwealth v. Cordoba, 902 A.2d 1280, 1285 (Pa. Super. 2006). Proving elements of a crime beyond a reasonable doubt is not required. Commonwealth v. Landis, 48 A.3d 432, 444 (Pa. Super. 2012). Instead, the prima facie standard only requires that evidence exists for each element of the crime charged. Id. The evidence must establish sufficient probable cause to warrant the belief that the defendant committed the offense. Commonwealth v. Marti, 779 A.2d 1177, 1180 (Pa. Super. 2001). Importantly, "the weight

and credibility of the evidence are not factors" to be considered at a preliminary hearing. Id.

Further, th[e trial court] is to draw reasonable inferences from the admitted evidence that would support a guilty verdict, and the evidence must be read in the light most favorable to the Commonwealth's case. Id. [The MDJ here could not assign any weight to the photographs because none were introduced into evidence at the preliminary hearing.] Moreover, the law does not require the victim of an alleged rape, or any sexual assault for that matter, to produce pictures taken of their body to substantiate a prima facie case at a preliminary hearing. See 18 Pa.C.S.A. §§ 3121(a), 3124.1, 3123(a)(1), and 3126(a)(1). In fact, the Crimes Code provides that a victim's testimony need not be corroborated regarding the charges of rape, involuntary deviate sexual intercourse, or any other crime within Chapter 31. See 18 Pa.C.S.A. § 3106; Commonwealth v. Poindexter, 646 A.2d 1211, 1214 (Pa. Super. 1994). "[I]t is well established that the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." Commonwealth v. Bishop, 742 A.2d 178, 189 (Pa. Super. 1999).

After a review of the preliminary hearing transcript, th[e trial court] concludes that [A.A's] testimony of [Appellant's] alleged behavior reached the low bar of establishing a prima facie case of rape against him. [A.A.'s] false or wrongful testimony that the [DA] and Monongahela police took pictures of her bruises was not material to perjury. Whether the [DA] or the police took pictures had no effect upon the course or outcome of the preliminary hearing as a matter of law.

Trial Court Opinion, 1/16/18, at 3-5 (some internal citations and footnotes omitted).

Based on our review of the record, we reach the same conclusion as the trial court. Here, Appellant's private criminal complaint alleged only that A.A. committed perjury by falsely claiming at Appellant's preliminary hearing that the Monongahela Police Department and the DA's office, respectively,

photographed her injuries related to her alleged rape by Appellant. Nonetheless, it is beyond dispute that only the hospital staff took photographs of A.A.'s injuries and that, as the trial court noted, no photographs were introduced at the preliminary hearing. The fact that A.A. uttered a false statement under oath does not necessarily constitute perjury. Appellant does not explain how A.A.'s false statement that the DA's office and/or the police department, in addition to the hospital staff, photographed her injuries could have influenced the outcome of the preliminary hearing. Instead, he baldly asserts that A.A.'s testimony at the preliminary hearing "was an obvious attempt to bolster her allegation against Appellant: the more photographs that were taken of her injuries, the more serious her injuries were." Appellant's Brief at 16. The Commonwealth aptly counters:

> [A.A.'s] injuries were the same regardless of the number of photographs taken and the existence of the one set of photographs which were taken [by the hospital] is adequate to confirm or dispel any misconception as to whether [A.A.] sustained injuries which she testified she had sustained, and whether those injuries supported the charges against Appellant.

Commonwealth's Brief at 13. Moreover, Appellant offers no authority to support his claim that the sheer quantity of photographs determines the seriousness of injuries sufficient to influence the outcome of a preliminary hearing. Accordingly, we conclude A.A.'s false statement was not material to the outcome of the preliminary hearing.

We next address Appellant's argument that the trial court erred in mischaracterizing the issue of whether A.A.'s testimony was material to the

"offense of perjury," rather than material to the subject offense, unlawful restraint. This argument is without merit. It is patently clear that the trial court inartfully wrote "[A.A.'s] false or wrongful testimony . . . was not material to perjury" in its January 16, 2018 opinion, when it should have written "material [sufficient to warrant a charge of perjury]." Trial Court Opinion, 1/16/18 at 5. The trial court devoted significant text, as recited above, to explain that A.A.'s testimony simply was not material because it did not and could not have affected the outcome of Appellant's preliminary hearing. See id. at 4 (A.A. "did not commit perjury as a matter of law because her false statements at [Appellant's] preliminary hearing were not material to the outcome of the preliminary hearing.").

Appellant next argues that the DA's office had approved his private criminal complaint when it wrote the words "have police file charges" following the DA's checking of the box marked "disapproval." Appellant raises this argument for the first time on appeal. See Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Moreover, Appellant is disingenuous in taking this position on appeal, because his petition for review was premised entirely on his argument that the DA erred in disapproving his private criminal complaint. Accordingly, this issue also lacks merit.

We finally turn to Appellant's last argument, that the trial court erred in concluding the preliminary hearing demands a lower evidentiary bar. Specifically, Appellant argues that the trial court ruled that "perjury is

- 12 -

acceptable in preliminary hearings because the bar is low." Appellant's Brief at 18. Appellant misses the point and mischaracterizes the trial court's reasoning. As recited above, what the trial court correctly stated in its January 16, 2018 opinion was that, at the preliminary hearing stage, the Commonwealth has a lower evidentiary burden than at trial, where it needs to prove the elements of a crime beyond a reasonable doubt. Accordingly, Appellant's final argument lacks merit.

In sum, based on our review of the record, we cannot conclude that the trial court erred in denying Appellant's petition for review of the DA's disapproval of his private criminal complaint.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2018